UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARY ALAN LESSOR,

    Plaintiff,

v.                                             Case No. 5:25-cv-247-AW-MJF

MANAGEMENT AND TRAINING
CORPORATION, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Gary Lessor has filed a complaint under 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Prior to filing this civil action, Plaintiff had incurred three "strikes." Because Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), and he did not pay the filing fee at the time he commenced this civil action, the District Court should deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this case under 28 U.S.C. § 1915(g).

## PLAINTIFF'S COMPLAINT

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") housed at the Zephyrhills Correctional Institution. Doc. 1. Plaintiff is suing Management and Training Corp—the company that manages the Bay Correctional Facility—as well as eight corrections and medical officials at Bay CF. Plaintiff alleges that during his incarceration at Bay CF, the Defendants used excessive force on Plaintiff, deprived Plaintiff of medication, and placed Plaintiff in confinement without justification. *Id.* at 9–10.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* in a civil action if the prisoner previously filed three or more actions or appeals, while incarcerated, that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2022). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time the prisoner initiates the prisoner's lawsuit, and failure to do so warrants dismissal of the case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)

(an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time the inmate initiates suit); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges that the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

A.   **Plaintiff has Accrued at Least Three Strikes**

District Judge Mark Walker previously determined that Plaintiff has accrued at least three strikes. *Lessor v. Management and Training Corporation*, No. 5:25-cv-116-MW-MJF, Order of Dismissal, ECF No. 5 (N.D. Fla. June 18, 2025). Plaintiff's qualifying strikes include:

- *Lessor v. Dean*, No. 5:09-cv-463-Oc-29-GRJ, (M.D. Fla. Feb. 19, 2010) (civil rights action dismissed for failure to state a claim).

- *Lessor v. King*, No. 5:09-cv-507-Oc-23-GRJ (M.D. Fla. Mar. 19, 2010) (civil rights action dismissed for failure to state a claim).

- *Lessor v. Stanciel*, No. 5:09-cv-526-Oc-17-GRJ (M.D. Fla. Jan. 26, 2010) (civil rights action dismissed for failure to state a claim).

Plaintiff's present complaint acknowledges that Plaintiff initiated these three cases. Doc. 1 at 14. Also, each case bears Plaintiff's FDC inmate number, "U13017." Plaintiff filed the three Middle District cases while

detained in the Marion County Jail. Plaintiff incurred these strikes before he commenced the instant case on September 4, 2025. Doc. 1.

## B. Plaintiff Fails to Satisfy the Imminent-Danger Exception

Because Plaintiff has incurred at least three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To satisfy the "imminent danger" exception, "the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). An allegation of past danger will not invoke the exception. *Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)].").

Plaintiff's allegations—that the Defendants used excessive force, stopped Plaintiff's medications, and placed Plaintiff in confinement months ago at a prison where Plaintiff no longer is confined—do not establish that Plaintiff is in imminent danger of serious physical injury.

Because Plaintiff is barred from proceeding *in forma pauperis*, the District Court must deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this case without prejudice under 28 U.S.C. § 1915(g). *Dupree,* 284 F.3d at 1236.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2.

2. **DISMISS** this civil rights action without prejudice under 28 U.S.C. § 1915(g).

3. **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida on September 10, 2025

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of**

**the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**